IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

BAYER CROPSCIENCE LP and, )
MONSANTO TECHNOLOGY LLC, )
 )
    Plaintiffs, )
 )
vs. ) Case No. 5:21-CV-00070
 )
TEDDY WILLIS, )
 )
    Defendant. )

**ANSWER TO ORIGINAL PLAINTIFFS' COMPLAINT**
**FOR DAMAGES AND INJUNCTIVE RELIEF**

Defendant, Teddy Willis, states as follows for his Answer to Plaintiffs' Original Complaint for Damages and Injunctive Relief.

## I.   INTRODUCTION

1. Defendant denies the allegations in Paragraph 1 of Complaint. Defendant has not made, used, offered for sale or sold seed covered by Plaintiffs' patented technology.

## II.   PARTIES

2. Defendant is without information to admit or deny the allegations in paragraph 2 of the Complaint and therefore denies the allegations.

3. Defendant is without information to admit or deny the allegations in paragraph 3 of the Complaint and therefore denies the allegations.

4. Admitted.

5. Admitted.

6. Admitted.

### III.   JURISDICTION AND VENUE

7. Defendant admits that the Complaint purports to assert claims under the patent laws; however, Defendant denies infringement alleged in the Complaint.

8. Defendant admits that personal jurisdiction and venue in this Court for this action is proper; however, Defendant denies infringement alleged in the Complaint.

### IV.   PATENTS-IN-SUIT

9. The '907 patent speaks for itself and Defendant denies any allegation in paragraph 9 inconsistent with the same.  Defendant admits that Exhibit A to the Complaint appears to be a true and correct copy of the '907 patent.

10. The '861 patent speaks for itself and Defendant denies any allegation in paragraph 10 inconsistent with the same.  Defendant admits that Exhibit B to the Complaint appears to be a true and correct copy of the '861 patent.

11. The '888 patent speaks for itself and Defendant denies any allegation in paragraph 11 inconsistent with the same.  Defendant admits that Exhibit C to the Complaint appears to be a true and correct copy of the '888 patent.

12. Defendant is without information to admit or deny the allegations in paragraph 12 of the Complaint and therefore denies the allegations.

13. Defendant is without information to admit or deny the allegations in paragraph 13 of the Complaint and therefore denies the allegations

### V.   FACTUAL BACKGROUND

14-27. Defendant is without information to admit or deny the allegations in paragraphs 14-27 of the Complaint and therefore denies the same.

28. Defendant admits it lacks authorization to "sell seed containing Bayer CropScience's patented biotechnologies" but denies it requires such authorization.

29-38. Defendant is without information to admit or deny the allegations in paragraphs 29-38 of the Complaint and therefore denies the same.

39. Defendant admits that he does not have a license "from Bayer CropScience" but denies it requires such a license.

40. Defendant admits that he does not have a license from Bayer CropScience but denies it requires such a license. The remaining allegations in this paragraph are otherwise denied.

41. This is a legal conclusion that requires no response, however, to the extent a response is required the allegations are denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

## VI.   CAUSES OF ACTION

### COUNT I:
### PATENT INFRINGEMENTS-Patent No. 7,223,907

49. Paragraph 49 is a statement to which no response is required.

50. The '907 patent speaks for itself and Defendant denies any allegation in paragraph 50 inconsistent with the same.

51. The '907 patent speaks for itself and Defendant denies any allegation in paragraph 51 inconsistent with the same. Defendant is without sufficient information to admit or deny the remaining allegations in this paragraph and therefore denies the allegations.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

## COUNT II:
## PATENT INFRINGEMENTS-Patent No. 7,381,861

60. Paragraph 60 is a statement to which no response is required.

61. The '861 patent speaks for itself and Defendant denies any allegation in paragraph 61 inconsistent with the same.

62. The '861 patent speaks for itself and Defendant denies any allegation in paragraph 62 inconsistent with the same. Defendant is without sufficient information to admit or deny the remaining allegations in this paragraph and therefore denies the allegations.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

## COUNT III:
## PATENT INFRINGEMENTS-Patent No. 8,420,888

71. Paragraph 71 is a statement to which no response is required.

72. The '888 patent speaks for itself and Defendant denies any allegation in paragraph 72 inconsistent with the same.

73. The '888 patent speaks for itself and Defendant denies any allegation in paragraph 73 inconsistent with the same.  Defendant is without sufficient information to admit or deny the remaining allegations in this paragraph and therefore denies the allegations.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

## PRAYER FOR RELIEF

Defendant denies the allegations in the subparagraphs (A)-(G) of the.  Defendant denies any allegations in the Complaint not expressly admitted herein.

**AFFIRMATIVE DEFENSES**

Defendant denies each and every express or implied allegation in the Complaint that is not specifically admitted in this Answer. Defendant also denies that Plaintiffs are entitled to any relief. Defendant further alleges the following defenses, but does not assume any burden of production or persuasion not otherwise required by applicable law:

1. One or more claims of the patents-in-suit patent are invalid and/or unenforceable for failure to comply with one or more of the conditions and requirements of the patent laws of the United States, including, but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112, as well as the rules, regulations, and laws pertaining to those provisions.

2. Plaintiffs' request for injunctive relief is barred due to, *inter alia*, the fact that it has not and will not suffer irreparable harm, and, upon information and belief, Plaintiffs' claims for damages are barred by Plaintiffs' failure to mitigate their purported damages.

4. One or more of Plaintiffs' claims fail to state a claim upon which relief can be granted.

5. Any attempt at double recovery for the same alleged injury or recovery for speculative injury is impermissible.

6. Plaintiffs cannot show the requisite mental state required for willful infringement, nor is the alleged infringement of such a character to entitle Plaintiffs to exemplary damages.

7. Plaintiffs cannot show the "but for" causation required to recover lost profits for Defendant's alleged patent infringement.

8. Plaintiffs are estopped from asserting a construction of any patent claim in any manner inconsistent with prior positions taken before the PTO and/or any court of law.

10. Plaintiffs' claims are barred by the doctrines of preclusion by inconsistent positions, judicial estoppel and/or collateral estoppel.

11. Defendant is not infringing and has not infringed, either directly, contributorily, or by inducement, any valid and enforceable claim of any patent-in-suit, either literally, under the doctrine of equivalents, or otherwise.

Defendant reserves the right to amend and/or supplement the averments of its Answer or its defenses to the extent discovery and/or investigation may reveal that any one or more other defenses are available to Defendant in this matter.

Respectfully submitted,

*s/Jeff L. Todd*
Jeff L. Todd, OBA #17713
MCAFEE & TAFT A PROFESSIONAL CORPORATION
8th Floor, Two Leadership Square
211 North Robinson
Oklahoma City, OK 73102-7103
(405) 235-9621 (phone)
(405) 235-0439 (fax)
Jeff.Todd@mcafeetaft.com
*Attorneys for Defendant*

### Certificate of Service

On May 5, 2021, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rules of Civil Procedure 5 (b)(2).

*s/Jeff L. Todd*