UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

BAYER CROPSCIENCE LP, et al.,

      Plaintiffs,

v.                                                                    No. 5:21-CV-070-H

TEDDY WILLIS,

      Defendant.

### ORDER

The plaintiffs filed an unopposed motion to modify the Scheduling Order and for a continuance.  Dkt. No. 28.  In it, the parties seek a roughly six-month extension to all future deadlines as well as a six-month continuance of the trial date in this case.  The Court grants the motion in part.

The Court issued a scheduling order in this case, Dkt. No. 22, that largely adhered to the parties' proposed timeline.  *See* Dkt. No. 20.  In fact, the Court gave the parties an extra month to file dispositive motions.  *Compare* Dkt. No. 20 at 3 *with* Dkt. No. 22 at 2.  And, most importantly, the Court gave the parties the trial date they requested.  *Compare* Dkt. No. 20 at 4 *with* Dkt. No. 22 at 2.  The Court's Scheduling Order makes clear that the trial date would not be moved absent exceptional circumstances.  Dkt. No. 22 at 3.

Nevertheless, the parties now seek six more months to litigate this case.  Dkt. No. 28.  Doing so is necessary, they argue, because of COVID and the death of counsel's father.  *Id.* at 1.  Additionally, delays in laboratory testing mean that certain evidence remains undiscovered.  *Id.* at 2.  The parties note that the median time to trial in patent cases filed in this District is 33 months, while the current schedule anticipates trial just 17 months after the filing of the complaint.  *Id.*

Of course, as the parties note, the Court gave the parties precisely what they asked for—a trial in August 2022.  Moreover, as the parties are well aware, *see* Dkt. No. 25, this is not the typical patent case.  It presents no issues of claim construction.  Indeed, this case seems to present just two straightforward questions: Is the plaintiffs' seed patentable and, if so, did the defendant delint plaintiffs' seed.  And this case was filed nearly a year into the COVID pandemic.  To be sure, cases spiked due to the Omicron variant, but that fleeting surge does not justify a six-month delay in this litigation.  Countless other cases have pressed on despite the variants that have come and gone, and this Court conducted a civil jury trial in late January.  The parties thus fail to present good cause or exceptional circumstances as contemplated by the Scheduling Order, the Civil Rules, or the Local Rules to justify a six-month extension.

Nevertheless, the Court understands that litigation is dynamic and that unforeseen personal events occur.  Thus, the Court will continue future deadlines—including the trial date—by three months.  The following deadlines will govern the disposition of this case.

| Deadline | Current Date | New Date |
|---|---|---|
| Motion to Compel Discovery or for a Protective Order (Dkt. No. 22 ¶ 15) | Later of March 25, 2022 or 15 days after the discovery response at issue was served or due to be served | Later of June 24, 2022 or 15 days after the discovery response at issue was served or due to be served |
| Designation of Expert Witnesses on Non-Construction Issues (¶ 14(a)) | March 28, 2022 | June 24, 2022 |
| Deadline for Final Infringement and Invalidity Contentions (¶ 13) | April 8, 2022 | July 8, 2022 |
| Responsive Designation of Experts (¶ 14(b)) | April 25, 2022 | July 25, 2022 |
| Rebuttal Expert Disclosures (¶ 14(c)) | May 25, 2022 | August 25, 2022 |

| Deadline | Current Date | New Date |
|---|---|---|
| Completion of Discovery (¶ 15) | May 9, 2022 | August 8, 2022 |
| Other motions related to discovery that do not seek to compel or avoid as-yet uncompleted depositions, service of discovery responses, or production of documents or electronically stored information (ESI) (¶ 15) | May 12, 2022 | August 11, 2022 |
| Expert Objections (¶ 14(d)) | May 9, 2022 | August 8, 2022 |
| Dispositive Motions (¶ 16) | May 9, 2022 | August 8, 2022 |
| Mediation (¶ 19) | June 8, 2022 | September 14, 2022 |
| Pretrial Disclosures and Objections (¶ 17) | July 18, 2022 | October 17, 2022 |
| Pretrial Materials (¶ 18) | July 18, 2022 | October 17, 2022 |
| Objections to Pretrial Disclosures (¶ 17) | July 25, 2022 | October 24, 2022 |
| Trial Briefs and Motions in Limine (¶ 18(d), (e)) | July 25, 2022 | October 31, 2022 |
| Responses to Trial Briefs and Motions in Limine (¶ 18(d), (e)) | August 1, 2022 | November 7, 2022 |
| Pretrial Conference (¶ 20) | To be set if necessary. | To be set if necessary. |
| Trial Date (¶ 1) | August 8, 2022 | November 14, 2022 |

The Scheduling Order (Dkt. No. 22) remains in effect except as modified above. The parties are cautioned that future motions to extend or continue will be viewed with disfavor.

So ordered on March 8, 2022.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE