IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| BAYER CROPSCIENCE LP and MONSANTO TECHNOLOGY LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>TEDDY WILLIS,<br><br>    Defendant. | Case No. <u>5:21-cv-00070-H</u> |

### NOTICE OF DEPOSITION DIRECTED TO NON-PARTY BRAD JOHNSON

TO:                        Attorneys of Record

DEPONENT:          Brad Johnson

DATE & TIME:       Wednesday, May 25, 2022 at 1:00 PM CDT

LOCATION:           Rogers, Harvey & Crutcher
                               Court Reporters
                               709 Broadway
                               Lubbock, Texas 79401

COURT REPORTER:   Rogers, Harvey & Crutcher
                               709 Broadway
                               Lubbock, Texas 79401
                               Telephone:  806-744-7754
                               Fax: 806-744-7965
                               Rhc709@gmail.com
                               www.rogersharvey.com

     YOU ARE HEREBY NOTIFIED, pursuant to Federal Rule of Civil Procedure 30, Bayer CropScience LP and Monsanto Technology LLC, provides that it, by and through counsel, will depose Brad Johnson on the day and year, and at the time and location, indicated above.  The deposition will proceed before a notary public or other officer authorized by law

to administer oaths pursuant to Federal Rules of Civil Procedure. The deposition will be taken upon oral examination for discovery, cross examination, and all other purposes allowed by law and will involve the production of documents. The deposition shall continue, if not completed on this day, at a mutually agreeable time. The deposition will be recorded by audio, stenographic, and/or videographic means. A copy of the subpoena and its Exhibit A are attached hereto.

Dated: May 17, 2022

Respectfully submitted,

**THOMPSON COBURN LLP**

By *s/ Nicole L. Williams*
Nicole L. Williams
Texas Bar No. 24041784
nwilliams@thompsoncoburn.com

2100 Ross Avenue, Suite 3200
Dallas, TX 75201
972-629-7113
972-629-7171 (facsimile)

Jeffrey Masson, MO Bar No. 60244
(*pro hac vice*)
jmasson@thompsoncoburn.com
Daniel Cox, MO Bar No. 38902
(*pro hac vice*)
dcox@thompsoncoburn.com
Matthew Bober, MO Bar No. 59825
(*pro hac vice*)
mbober@thompsoncoburn.com

One U.S. Bank Plaza
St. Louis, MO 63101
314-552-6030
314-552-7000 (facsimile)

*Attorneys for Plaintiffs Bayer CropScience LP and Monsanto Technology LLC*

- 3 -

**CERTIFICATE OF SERVICE**

      This certifies that on May 17, 2022, the undersigned served a true and correct copy of Notice of Deposition Directed to Brad Johnson upon all counsel of record via the Court's CM/ECF system.

*s/ Nicole L. Williams*

# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

| | | |
|---|---|---|
| BAYER CROPSCIENCE LP and MONSANTO TECHNOLOGY LLC, | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 5:21-cv-00070 |
| TEDDY WILLIS, | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: Brad Johnson, 14303 N. Interstate 27, Lubbock, TX 79403

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: ROGERS, HARVEY & CRUTCHER Court Reporters; 709 Broadway, Lubbock, Texas 79401 | Date and Time: 05/25/2022 **1**:00 pm |
|---|---|

The deposition will be recorded by this method: stenographer

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Attached Exhibit A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/16/2022

CLERK OF COURT

OR

_____        _____
*Signature of Clerk or Deputy Clerk*               *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Bayer CropScience LP and Monsanto Technology LLC , who issues or requests this subpoena, are:

Daniel C. Cox, Thompson Coburn LLP, One US Bank Plaza, St. Louis, MO 63101, dcox@thompsoncoburn.com, 314-552-6139

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 5:21-cv-00070

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Brad Johnson
on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____
_____
_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ 70.00 .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## DEFINITIONS

(a) "You," "your," and "yourself" means Brad Johnson and any person, agent, or representative acting on his behalf, or any company, partnership, or other entity with which he is affiliated.

(b) "Farm," "Farming," or "Farmed" means all farms, fields, or other locations that you maintained, planted, and/or harvested an agricultural crop, or that was maintained, planted, and/or harvested on your behalf with a cotton crop.

## DOCUMENTS

For crop years 2019, 2020, and 2021, for yourself and any farming entity that you have any affiliation with, produce copies of:

1. Complete sets of your Farm Service Agency ("FSA") records including, the Producer Farm Data Report, Form 578 Farm Summary, and Form 578 Producer Print.

2. All business records/documents and all communications/correspondence (including emails, text messages, invoices, checks, etc.) between you and Defendant Teddy Willis.

3. All of your purchase records for cotton seed and herbicides.

4. Records of all sales, or other transfers to others, of cotton seed by you.