IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| BAYER CROPSCIENCE LP and MONSANTO TECHNOLOGY LLC, § § § § § § § § § § § § § | | |
| Plaintiffs | | |
| v. | § | Civil Action No. 5:21-cv-00070-H |
| TEDDY WILLIS | | |
| Defendant | | |

# BRIEF IN SUPPORT OF MOTION TO QUASH, FOR PROTECTION AND FOR OTHER RELIEF

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Seth Fortenberry, a non-party, would respectfully show the Court, in support of its

Motion to Quash, for Protection, and for Other Relief (Motion to Quash) as follows:

**Protection of Persons Subject to Subpoena**

Persons served with subpoenas under Rule 45 are entitled to certain protections.

The Court in *Bell Inc. v. GE Lighting, LLC,* 6:14-CV-00012, 2014 WL 1630754, at *6–7 (W.D.

Va. Apr. 23, 2014) (not reported in Fed. Supp.) provides a good summary of such protections:

> Nonparties are provided some protection by Rule 45 in both mandatory and discretionary ways. First, if a nonparty timely objects to a subpoena, a district court may require compliance upon the filing of a motion to compel, but in requiring compliance must protect a nonparty from significant expense resulting from compliance. Rule 45(d)(1) specifically requires that the issuing party
>
> > take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required *must enforce this duty* and impose an

>appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

Fed. R. Civ. P. 45(d)(1) (emphasis added). If a nonparty wishes to object to a subpoena, it "may serve" the issuing party with "a written objection" to the subpoena, which "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed.R.Civ.P. 45(d)(2)(B). Upon objection, or upon a motion to compel production, "the court for the district where compliance is required" may require compliance, only as directed in an order, but that order "must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." *Id* (emphasis added).

Second, a court in the district of compliance is mandated by Rule 45(d)(3) to quash or modify subpoenas in certain circumstances on timely motions to quash. Rule 45(d)(3) states: "On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:"

>(iii)   ...requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>
>(iv)   subjects a person to undue burden.

Fed.R.Civ.P. 45(d)(3)(A) (emphasis added). In its discretion, a court in the district of compliance "may, on motion, quash or modify the subpoena if it requires ... disclosing a trade secret or other confidential research, development, or commercial information...." Fed.R.Civ.P. 45(d)(3)(B)(i) (emphasis added). A court may order production despite the possibility of disclosing trade secrets or other confidential information if the "serving party: (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and (ii) ensures that the subpoenaed person will be reasonably compensated." Fed.R.Civ.P. 45(d)(3)(C).

As these provisions make clear, a district court must quash or modify a subpoena to protect a nonparty in the circumstances enumerated in Rule 45(d)(3)(A), on a timely motion to quash. Fed.R.Civ.P. 45(d)(3)(A). It may quash or modify a subpoena that requires the disclosure of trade secrets or other confidential research, development, or commercial information, unless the serving party ensures reasonable compensation for the nonparty and shows a substantial need for the information that cannot otherwise be met without undue hardship. Fed.R.Civ.P. 45(d)(3)(B)-(C). A court may also enforce a subpoena under Rule 45(d)(2), upon timely objection by the nonparty and a motion to compel compliance, but upon the nonparty's timely objection, must protect the nonparty from significant expense related to compliance. Fed.R.Civ.P. 45(d)(2).

Pursuant to Fed. R. Civ. P. 26(b)(1), discovery is limited to non-privileged matters that are "relevant to any party's claim or defense" and the proportional needs of the case. Matters not limited in scope, are subject to limitation by the court for failure to comply with the discovery scope and limits. *See* Fed. R. Civ. P. 26(b)(1). Further, the discovery sought by a party is restricted to material that is relevant to the matters in the pending lawsuit. *See In re Candor Diamond Corp.*, 26 B.R. 847, 849 (Bankr. S.D.N.Y. 1983). Furthermore, broader restrictions on discovery may occur when a nonparty is the actual target of requested discovery. *See 1221122 Ontario Ltd. v. TCP Water Sols., Inc.*, No. 10 C 4942, 2011 WL 2516531 *4 (N.D. Ill. June 23, 2011). The broader restrictions are designed to protect a third party from potential and "unnecessary harassment, inconvenience, expense, or disclosure of confidential information. *Mintel Intern. Group, Ltd v. Neerghen*, No. 08 CV 3939, 2009 WL 249227 *6 (N.D. Ill. Feb. 3, 2009). As a result, Plaintiff's requested documents that exceed the permitted scope, should be limited to what is relevant to Plaintiff's claims against Defendant Teddy Willis, only.

Pursuant to Fed. R. Civ. P. 34 (b)(1)(A) Plaintiff's requests must be described with reasonable particularity. *See United States v. Int'l Bus. Machines Corp.*, 83 F.R.D. 97, 107–08 (S.D.N.Y. 1979); *Nasufi v. King Cable, Inc.*, No. 3:15-CV-3273-B, 2017 WL 3334110 *4 (N.D. Tex. Aug. 4, 2017) (stating the reasonable particularity requirement applies to documents subpoenaed from a non-party). Plaintiff has failed to meet this requirement as reflected in Plaintiff's requests rendering the requests nothing more than an impermissible fishing expedition in order to obtained documents relevant to legal claims against Mr. Fortenberry, instead of documents relevant only to Plaintiff's claims against Defendant Teddy Willis.

In *Andra Group, LP v. JDA Software Group, Inc.*, 312 F.R.D. 444, 449 (N.D. Tex. 2015) and *MetroPCS v. Thomas*, 327 F.R.D. 600, 608-11 (N.D. Tex. 2018), the United States District Court for the Northern District of Texas described the process of determining whether the burden imposed on a non-party is reasonable as follows:

> "Whether a burdensome subpoena is reasonable must be determined according to the facts of the case, such as the party's need for the documents and the nature and importance of the litigation." Wiwa, 392 F.3d at 818 (internal quotation marks and footnote omitted). "To determine whether the subpoena presents an undue burden, [the Court] consider[s] the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." Id. (footnote omitted). "Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party." Id.

First, under the factors listed above, much of the requested information is not relevant because it does not relate to Defendant Teddy Willis; instead the requests relate to Mr. Fortenberry's farming operations, but Mr. Fortenberry and his farming operations are not being sued. Second, Mr. Fortenberry is a non-party, and as a non-party suffers the disadvantage of having no involvement in the case being brought by Plaintiff, which was filed in March of 2021, over a year ago. Third, Mr. Fortenberry concedes that documents pertaining to Defendant Teddy Willis relate to Plaintiff's claims against Defendant Teddy Willis, all other documents requested do not pertain in anyway to Plaintiff's claims and therefore are irrelevant. Fourth, Mr. Fortenberry should not be punished with substantial discovery costs and inconvenience in a case that he did not file and from which he will not profit. Fifth, the time period involved covers three years which is overbroad and will include irrelevant information. Sixth, Plaintiff does not need any other information that does not pertain to Defendant Teddy Willis because the other information would not support Plaintiff's claims against

Defendant Teddy Willis. Finally, as a non-party, Mr. Fortenberry is entitled to receiver greater protections from discovery and his status as a non-party is a factor in itself that directly impacts a court's analysis of the proportionality. *MetroPCS v. Thomas*, 327 F.R.D. 600, 610 (N.D. Tex. 2018).

While Mr. Fortenberry had minor interactions with Defendant Teddy Willis in 2019, counsel for Mr. Fortenberry has found nothing in Plaintiff's complaint on file alleging that Mr. Fortenberry has engaged in any improper conduct or even mentioning Mr. Fortenberry. The broad nature of the requests made which, when taken as a whole, appear to request three years of documents for Mr. Fortenberry's entire farming operations. The requests themselves clearly show that Plaintiff is on a fishing expedition it wishes to take at Mr. Fortenberry's expense.

Furthermore, the fishing expedition is Plaintiff's tactic to retrieve pre-suit discovery in order to be able to bring specific charges against Mr. Fortenberry. This subpoena is the second attempt Plaintiff has made on Mr. Fortenberry to discover documents that Plaintiff believes it can use against Mr. Fortenberry in a lawsuit.

The unfairness of such an effort is compounded by the absence of any effort to avoid undue cost burden to Mr. Fortenberry by offering to pay Mr. Fortenberry's costs and expenses associated with the production sought.

### Discussion of Objections

Mr. Fortenberry objected to the subpoena on various grounds. As stated elsewhere, due to the fact that Mr. Fortenberry is a non-party, he is at an extreme disadvantage in evaluating the connection of the requests with the case between Plaintiff and Defendant Teddy Willis. Nevertheless, certain things seem to be apparent including, that as to communications and dealings with Defendant Teddy Willis, Plaintiff should be able to obtain discovery directly from Defendant

Teddy Willis and thus there would be no need to substantially burden Mr. Fortenberry, a non-party. Furthermore, the requests are phrased broadly and vaguely and seek information that does not appear to be connected, even loosely, with Defendant Teddy Willis and Plaintiff's claims against him.

The cost of Mr. Fortenberry's compliance is substantial and discovery, under any circumstances, should be limited under the concept of proportionality, to only those matters which have a substantial connection to the issues being litigated and cannot be obtained from Defendant Teddy Willis or other sources. Due to the status of Mr. Fortenberry in this case, as a non-party, the party requesting the discovery has much greater access to knowledge about this case and, in fairness, should have the obligation to show that the discovery is necessary and proportionate, particularly due to the fact that the same discovery is being sought from another non-party.

The requests made have not been crafted to avoid being overbroad and oppressive. Compliance with the requests would be unreasonably expensive and inconvenient. The Court should restrict those requests to those which are truly necessary. The cost to Mr. Fortenberry should be borne by Plaintiff.

In addition, the requests seek information that is confidential and proprietary information relating to Mr. Fortenberry's farming operations. The requests seek information that is not publicly available and is accessible only by a small few directly affiliated with Mr. Fortenberry's farming operations. If ordered produced, the Court should enter an appropriate confidentiality order.

Finally, based on the above arguments and prior objections, Mr. Fortenberry seeks the same protections from providing deposition testimony regarding the same or substantially the same information he is currently seeking to quash.

**Summary and Conclusion**

For the reasons stated herein, and in the Motion, Mr. Fortenberry requests the Court to enter such orders as appropriately protect Mr. Fortenberry from improper discovery and from undue burden and expense.

        RESPECTFULLY SUBMITTED,

**BOERNER, DENNIS & FRANKLIN, PLLC**
Attorneys at Law
P. O. Box 1738
Lubbock, Texas 79408-1738
(806) 763-0044
(806) 763-2084 (fax)

*/s/ Don C. Dennis*

William A. Franklin
SBN 247007200
Email: bfranklin@bdflawfirm.com
Don C. Dennis
SBN 05749400
Email: dcdennis@bdflawfirm.com

ATTORNEYS FOR LUBBOCK COUNTY HOSPITAL DISTRICT D/B/A UMC HEALTH SYSTEM

Certificate of Service

      I hereby certify that on May 24, 2022 I electronically filed the foregoing document with the clerk of the Court stated above and served counsel of record through the Court's electronic filing system. I further certify that the following attorneys of record have been contemporaneously served by electronic mail:

| | |
|---|---|
| Nicole Williams | nwilliams@thompsoncoburn.com |
| Jeffrey Masson | jmasson@thompsoncoburn.com |
| Daniel Cox | dcox@thompsoncoburn.com |
| Matthew Bober | mbober@thompsoncoburn.com |

2100 Ross Avenue, Suite 3200
Dallas, Texas 75201

Counsel for Plaintiff

| | |
|---|---|
| Jeff Todd | Jeff.Todd@mcafeetaft.com |
| Zach Oubre | zach.oubre@mcafeetaft.com |

McAfee & Taft A Professional Corporation
8th Floor, Two Leadership Square
211 North Robinson
Oklahoma City, OK 73102-7103

                                                      /s/ Don C. Dennis

M:\seth fortenberry\Bayer CropScience\Monsanto v. Willis\22-5-24 Brief in Support of Motion to Quash A.wpd
(5-24-22)